IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Angelo and Valerie Guagliano, | ) | Civil Action No. 9:19-cv-0839-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cameron & Cameron Custom Homes, | ) | |
| LLC, Cameron & Cameron Construction | ) | |
| Group, LLC, ACR Roofing, LLC | ) | |
| d/b/a ACR Roofing Solutions, | ) | |
| Burlingame Industries, Inc., and Eagle | ) | |
| Roofing Products, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Burlingame Industries, Inc.'s motion to dismiss for lack of personal jurisdiction (Dkt. No. 8). For the reasons set forth below, the Court denies the motion to dismiss as moot, with leave to refile, and orders jurisdictional discovery.

I. **Background**

This case arises out of various deficiencies and damage to the roof of Plaintiffs Angelo and Valerie Guagliano ("Gualianos") that Plaintiffs allege is based on numerous design and construction defects that the Defendants are responsible for. (Dkt. No. 1-1.) As relevant here, Defendant Eagle Roofing Products ("Eagle") allegedly manufactured the roofing tiles at issue and inspected the roofing, and Eagle is allegedly a division of Defendant Burlingame Industries, Inc. ("Burlingame"). (*Id.* at ¶ 8.) Eagle admitted that they manufactured the tiles used for the roof here. (Dkt. No. 7 at ¶ 12.)

Defendant Burlingame has now filed a motion to dismiss for lack of personal jurisdiction. (Dkt. Nos. 8, 12.) Plaintiffs oppose the motion. (Dkt. No. 11.) Burlingame submitted an affidavit from its Chief Operating Officer stating that it is incorporated under California law with its

headquarters in California, has no office or employees in South Carolina, did not manufacture the roof tiles at issue, and was not involved in the Guaglianos' roofing project. (Dkt. No. 8-2.) Burlingame also submitted an affidavit showing the roofing at issue was sold by Eagle. (Dkt. No. 12-1.) In their Response, Plaintiffs submitted exhibits showing that Eagle has an address that is allegedly the same as Burlingame's address, and that Eagle's website describes Eagle as "a division" of Burlingame Industries. (Dkt. Nos. 11-1; 11-2.)

## II. Legal Standard

When personal jurisdiction is challenged, the burden is on the plaintiff to establish jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When resolved on written submissions, the plaintiff must make a "*prima facie* showing of a sufficient jurisdictional basis." *Id.* The plaintiff's showing must be based on facts set forth in the record, taken in the light most favorable to the plaintiff. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992); *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 405 (citations omitted).

To meet their burden, a plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with constitutional due process requirements. *See, e.g. Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Since South Carolina's long-arm statute extends to the constitutional limits of due process, the only inquiry is whether due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128 (S.C. 1992).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

-2-

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). This can be met by showing either general or specific personal jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citations omitted). To assert general jurisdiction, a defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) (citations omitted). For a corporation, that traditionally renders them subject to general jurisdiction in its state of incorporation or principal place of business. *Id.* at 137.

To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (citations omitted). In other words, the defendant must have "minimum contacts" with the forum, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 – 476 (1985). Courts evaluate the reasonableness of personal jurisdiction by considering "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are both aspects of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

## III. Discussion

The Court does not have general jurisdiction over Burlingame. Burlingame is not incorporated in South Carolina, nor does it have its principal place of business in South Carolina. Plaintiffs have not presented any other facts to indicate that Burlingame is "essentially at home" in South Carolina. Therefore, general jurisdiction does not exist over Burlingame.

As to specific personal jurisdiction, the record demonstrates that the tiles at issue here were manufactured and sold by Eagle, not Burlingame. (Dkt. No. 12-1.) Plaintiffs have not presented any facts that Burlingame was involved in the manufacture, sale or installation of the tiles here, or that Burlingame is involved with manufacturing, selling or installing roofing in South Carolina. At this stage, Plaintiffs have not shown that Burlingame "purposefully availed" itself of conducting activities in South Carolina. Further, Plaintiffs' exhibits, at this stage, do not suffice to affect this determination. The fact that an Eagle product warranty form contains an address in California that Eagle allegedly shares with Burlingame does not demonstrate that Burlingame "purposefully availed" itself of doing business in South Carolina. A copy of Eagle's website showing that it describes itself as a "division" of Burlingame similarly does not make any *prima facie* showing that Burlingame "purposefully availed" itself, or is connected, with South Carolina.

However, there is confusion in the record regarding the nature of the relationship between Burlingame and Eagle. While Plaintiffs argue that Eagle is a division of Burlingame, relying on language from Eagle's website, Burlingame submitted an affidavit from its Chief Operating Officer who states that Burlingame is a "member" of Eagle. (Dkt. Nos. Nos. 1-1 at ¶ 8; 8-2 at ¶ 6; 11 at 1, 4.) South Carolina recognizes that foreign corporations can be subject to personal jurisdiction based on the actions of their subsidiaries by piercing the corporate veil or where the subsidiary is functioning as a mere agent or alter ego of the parent company. *See ScanSource, Inc. v. Mitel Networks Corp.*, No. 6:11-CV-00382-GRA, 2011 WL 2550719 (D.S.C. June 24,

2011) (analyzing piercing the corporate veil and alter ego/agency to assess personal jurisdiction) citing *Builder Mart of Am., Inc. v. First Union Corp.*, 349 S.C. 500, 563 S.E.2d 352 (Ct. App. 2002), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003); *Fitzhenry v. Ushealth Grp.*, Inc., No. 2:15-CV-03062-DCN, 2016 WL 319958, at *4 (D.S.C. Jan. 27, 2016) (assessing piercing corporate veil for purposes of personal jurisdiction); *Watters v. Kirk*, No. 0:12-CV-338-CMC, 2012 WL 831452, at *3 (D.S.C. Mar. 12, 2012) (assessing four agency factors for purposes of personal jurisdiction). The nature of the relationship between Burlingame and Eagle is therefore central to the disposition of this motion.

To resolve these factual issues, the Court finds it appropriate to order jurisdictional discovery. A Court may compel discovery to aid in its resolution of personal jurisdiction issues. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992). However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). While Burlingame makes various statements regarding the absence of sales or connections to South Carolina, the submissions of the Parties leave murky whether Eagle is a "division" of Burlingame or whether they are more related "member" organizations and fails to include more conclusive terms such as "subsidiary" or "parent" or underlying documents to identify the corporations as separate entities. Therefore, Plaintiffs have at least raised the possibility that Burlingame and Eagle's relationship is such that they are mere alter egos.

Plaintiffs are therefore entitled to jurisdictional discovery, which shall close forty-five (45) days from the issuance of this order. Since the Court does not have general personal jurisdiction, Plaintiff may seek discovery solely related to the corporate relationship between Defendant Eagle Roofing Products and Defendant Burlingame Industries, Inc. Plaintiff may conduct one Fed. R. Civ. P. 30(b)(6) deposition limited to Eagle and Burlingame's corporate relationship. In light of the Court's ruling granting jurisdictional discovery, Defendant's current motion to dismiss (Dkt. No. 8) is denied as moot, with leave to refile no later than fourteen (14) days after the close of jurisdictional discovery.

Finally, Plaintiffs' state that if Burlingame's motion is granted, Plaintiffs' should be given leave to amend their Complaint. (Dkt. No. 11 at 5.) While the Court has not granted the motion, if Plaintiffs wish to amend their Complaint, they should file a separate motion under Rule 15.

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** jurisdictional discovery. **IT IS ORDERED THAT** Plaintiffs must complete jurisdictional discovery within forty-five (45) days from the date of this order. **IT IS FURTHER ORDERED THAT** Defendant Burlingame must either answer the Complaint or renew its motion to dismiss no later than fourteen (14) days after the close of jurisdictional discovery. Defendant's Burlingame Industries, Inc.'s Motion to Dismiss (Dkt. No. 8) is therefore **DENIED AS MOOT**, with leave to refile.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May _2_, 2019
Charleston, South Carolina